IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

MANUEL BENSON,

          Plaintiff,

v.                                       Case No.  07-2171-JWL

HAWKER BEECHCRAFT CORP.,

          Defendant.

**MEMORANDUM & ORDER**

In his complaint (doc. 1), Mr. Benson alleges violations of the Family Medical Leave Act, Labor Management Relations Act, and breach of contract against Hawker Beechcraft Corporation ("HBC").  This matter comes before the court on HBC's Motion to Designate Wichita as the Place of Docketing, Maintenance, and Trial (doc. 9).  HBC alleges that there is no connection between Kansas City and this case; instead, it contends that the factors used to decide a motion for transfer overwhelmingly tilt in favor of transferring this case to Wichita. For the reasons explained below, the motion is granted and this action is hereby transferred to Wichita for docketing, maintenance, and trial.

I.    **Background**

According to the complaint, Mr. Benson resides in Sedgwick County, Kansas and the circumstances giving rise to the causes of action occurred in Sedgwick County, Kansas.  HBC is a Kansas corporation; its principal place of business is located in Wichita, Kansas.  The people

mentioned by name in the complaint who are or were affiliated with HBC reside in or near Wichita as well.  Potential witnesses in this case include present and former HBC employees, people affiliated with the International Association of Machinists and Aerospace Workers ("IAM"), people affiliated with the Substance Abuse Treatment Outpatient Programs ("STOP"), and employees of Valley Hope Association.  All of these potential witnesses reside in or around Wichita, except for those affiliated with Valley Hope Association, which is located in Halstead Kansas.[1]  Furthermore, counsel for both parties are located in Wichita and all of the employment records pertaining to Mr. Benson are located at HBC's plant in Wichita.

## II.    Standard for a Motion to Transfer

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering a motion for intra-district transfer, the courts of this district generally look to the same factors relevant to motions for change of venue under 28 U.S.C. § 1404(a).  *See Spires v. Hospital Corp. of America*, 2006 WL 1642701, at *1 (D. Kan. 2006); *Wiggans v. Hartford Life and Accident Ins. Co.*, 2002 WL 1175096, at *2 (D. Kan. 2002)(citing *Lavin v. Lithibar Co.*, 2001 WL 1175096, *1 (D.Kan.2001) (collecting cases)).[2]  That statute, § 1404(a), provides in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a

---

[1]The court notes that Halstead is 36 miles from Wichita and 196 miles from Kansas City.

[2]As the court has acknowledged before, § 1404(a) is "inapplicable on its face because Kansas constitutes only one judicial district and division.  However, 28 U.S.C. § 1404(c) does provide that '[a] district court may order any civil action to be tried at any place within the division in which it is pending.'" *Lavin*, 2001 WL 1175096, *1 n. 1.

district court may transfer any civil action to any other district or division where it might have been brought." *Id. See also Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir.1996).

The party seeking transfer has the burden of proving that the existing forum is inconvenient. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed. *Id.* But because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there. *See, e.g., Vanmeveren v. International Business Machines Corp.*, 2005 WL 3543179, *2 (D. Kan. 2005) ("a plaintiff's choice of forum receives less deference when it is not also her residence").

Advancing the opportunity for a case-by-case review of convenience and fairness, section 1404(a) affords a district court broad discretion in deciding a motion to transfer. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The court considers the following factors: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious, and economical. *Chrysler Credit Corp.*, 928 F.2d at 1515-16 (10th Cir.1991); *Lavin v. The Lithibar Co.*, 2001 WL 1175096, *1 (D. Kan. 2001).

## III.   Analysis

Applying these factors to the facts of this case, the court finds that the motion to transfer

3

is warranted because, "[c]learly, the more convenient venue to try this case is Wichita." *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1065 (D. Kan. 1995). The parties focus primarily on two factors: the plaintiff's choice of forum and the convenience of the witnesses. The court now will examine each factor in turn.[3]

*1.     Choice of Forum*

Mr. Benson repeatedly asserts that this court is constrained by the established rule that a plaintiff's choice of forum receives considerable deference. He does not explain, however, why the force of that presumption applies when the plaintiff does not reside in Kansas City, his chosen forum. In fact, when the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates. *Spires v. Hospital Corporation of America*, 2006 WL 1642701, at *2 (D. Kan. 2006); *Barnes & Noble Booksellers, Inc. v. Town Center Plaza, LLC*, 2005 WL 2122803, *2 (D. Kan. 2005) ("Although the plaintiff's choice of forum is generally accorded due deference, where the plaintiff's choice of forum is not its residence, it is given much less weight in ruling on a discretionary transfer motion."). *See also* Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3848 (observing that many courts give substantially less, if any, deference to the plaintiff's choice of forum when the

---

[3]In a brief footnote, Mr. Benson conclusively states, without citing any authority, that he may not be able to receive a fair trial in Wichita because HBC is a large corporation there and thus he should be allowed to conduct scientific testing to determine whether he can in fact receive a fair trial there. As HBC points out, however, courts in this district have consistently held that plaintiffs who bring an employment action against a Wichita-based employer can get a fair trial in Wichita and that concerns to the contrary may be adequately addressed during *voir dire*. *Jones v. Wichita State University*, 2007 WL 1173053, at * 2 (D. Kan. 2007)(citing *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1065 (D. Kan. 1995)). Thus, the court agrees with HBC and finds that this factor does not clearly weigh in favor of any party or location.

plaintiff resides elsewhere); *Travelers Property Cas. Co. of America v. DHL Danzas Aur & Ocean*, 2006 WL 1443201, *3 (S.D.N.Y. 2006) (same); *Forrest v. Omega Protein Corp.*, 2006 WL 1371082, *3 (S.D. Tex. 2006) (same); *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 72 (D.D.C. 2005) (same).  Consequently, although the court considers the plaintiff's choice of forum as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so." *Dworkin v. Hustler Magazine, Inc.*, 647 F.Supp. 1278, 1280-81 (D. Wyo. 1986).

*2.      Convenience*

The plaintiff's choice of forum is further discounted because of the enormous disparity in convenience between Kansas City and Wichita.  As the courts in this district have emphasized, the relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer.  *See Meek & Associates, Inc. v. First Union Ins. Group*, 2001 WL 58839, *1 (D. Kan. 2001) ("Convenience of the non-party witnesses is the most important factor to be considered."); *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a).").

With the primacy of this factor in mind, the court underscores that several of the witnesses, parties, and attorneys-at least at this stage of the case-reside in Wichita. By contrast, none reside in Kansas City.  Furthermore, the potential witnesses who do not reside in Wichita reside in Halstead, which is much closer to Wichita than Kansas City.  Thus, with absolutely no

5

connection to Kansas City, there court has little difficulty finding that Wichita is a more convenient forum for this case.

In examining the factor of convenience in relation to the plaintiff, the nexus to Wichita is overwhelming.   Mr. Benson resides in Wichita as do his attorneys.  Furthermore, the acts complained of by Mr. Benson occurred in Wichita.  Given the multitude of ties between the plaintiff and Wichita, the court is unreceptive to the plaintiff's dubious assertion that the convenience factor "lean[s] toward conducting trial in Kansas City."

Ultimately, though, the court has to find that Kansas City is substantially inconvenient, not just that Wichita is marginally more convenient.  That threshold is met by examining the convenience of Kansas City as a forum for Mr. Benson and his witnesses and HBC and its witnesses.  As it stands, the majority of the case will involve Mr. Benson's employment at HBC's Wichita plant.  As a result, if the trial were held in Kansas City, it would force each HBC employee and union witness to travel to Kansas City to testify.  By forcing them to spend time traveling to Kansas City, these witnesses would incur additional costs and would be forced to miss work.  Additionally, those witnesses affiliated with STOP and Valley Hope would be subject to trips of similar length and thus they would incur similar expenses and lost work time. Notably, designating Kansas City as the forum also would burden Mr. Benson, who resides in Wichita, as well as the attorneys for both sides who reside in Wichita.

Mr. Benson argues that the court should wait until it is determined how many witnesses will be called at trial before deciding whether to transfer the case to Wichita.  However, because all of the potential witnesses reside in or around Wichita, the court concludes that the number

6

of witnesses actually called at trial is irrelevant, since any witnesses that are called will necessarily be inconvenienced if trial is held in Kansas City.

Finally, Mr. Benson dubiously suggests that witnesses may move to Kansas City or some other location while this action is pending. As Mr. Benson states in his brief for this motion, however, "[c]onclusory assertions regarding the inconvenience of witnesses are of limited significance." *United Building Supply, Inc. v. Sherman*, 1997 WL 157200, *3 (D. Kan. 1997) (citing *Scheidt*, 956 F.2d at 966). Holding Mr. Benson to the authority of his own citation, then, the court will not consider the conclusory assertion that the witnesses may move at some point.

In fact, Mr. Benson has not identified by name a single witness, party, or exhibit that either resides or is located in Kansas City. Given the absolute disconnect between Kansas City and the actual participants of this case, the court will follow the guidance of the precedent identified by Mr. Benson and not consider the assertions regarding uncertain future developments. At this stage, there is no connection between Kansas City and this case, which makes Kansas City an extremely inconvenient forum.

## IV.    Conclusion

Exercising its discretion, the court is easily persuaded that Wichita is by far the more convenient forum based on its relative convenience for the witnesses, parties, and attorneys involved. As a result, in the interests of justice, the motion to transfer to Wichita is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that HBC's motion to designate Wichita as the place of docketing, maintenance, and trial (doc. 9) is granted. The court orders that this case be transferred to be reassigned by the clerk's office in Wichita to one of the resident judges in Wichita.

**IT IS SO ORDERED.**

Dated this 26th  day of June, 2007.

s/John W. Lungstrum
John W. Lungstrum
United States District Judge